IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

DERRIN BOYD,                          )
                                      )
    Plaintiff,                        )
                                      )        Case No. 3:25-cv-00729
    v.                                )
                                      )
NATIONAL COLLEGIATE ATHLETIC          )
ASSOCIATION,                          )        JUDGE RICHARDSON
                                      )
    Defendant.                        )

**ORDER**

In this brand-new case filed by a former (and potentially future) college basketball player,

pending before the Court is Plaintiff's "Motion for Temporary Restraining Order and Preliminary

Injunction" (Doc. No. 10, "Motion"). The Motion is supported by an accompanying declaration of

Plaintiff (Doc. No. 10-1) and a memorandum (Doc. No. 11). Via the Motion, Plaintiff seeks

> . . . immediate injunctive relief to preclude the National Collegiate Athletic
> Association ("NCAA") from enforcing its NCAA Bylaws 12.8.1 (the "Five-Year
> Rule") and 12.8.1.1 (the "Eligibility Clock") (collectively referred herein as the
> "NAIA Limitation Bylaws') and NCAA Bylaw 12.8.1.7 (the "Five Year Rule
> Waiver") to preclude [Plaintiff] from playing in a fourth season of NCAA Division
> I college basketball on the grounds that such enforcement violates Section 1 of the
> Sherman Antitrust Act and the Tennessee Trade Practices Act.
>
> [Plaintiff] specifically seeks a preliminary injunction order that: 1) enjoins
> the NCAA from enforcing its Five-Year Rule as it applies to his time spent at an
> NAIA institution; 2) orders the NCAA to immediately grant Division I institutions
> and/or [Plaintiff] a waiver of any NCAA eligibility rule that would preclude him
> from engaging in intercollegiate competition in the 2025- 26 season based on his
> time spent at an NAIA institution; 3) orders the NCAA to declare [Plaintiff] eligible
> to play during the 2025-26 season; and 4) enjoins the NCAA from enforcing its
> Bylaw 12.11.4.2 ("Rule of Restitution") against [Plaintiff] or any Division I NCAA
> institution for complying with, and relying on, an injunction entered by this Court.
> Without this urgent and narrowly tailored relief, [Plaintiff] will suffer immediate
> and irreparable harm, losing not only the opportunity to compete at the highest level
> of college basketball, but also the ability to secure meaningful NIL compensation,

complete his athletic development, and pursue a professional career. The window for these opportunities is rapidly closing, and each day of delay compounds the damage.

(Doc. No. 10 at 1-2). Although the above-quoted language, which constitutes the entirety of the Motion, speaks in terms only of a request for a preliminary injunction, Plaintiff actually also requests the more immediate remedy of a temporary restraining order (TRO); this is clear from both the title of the Motion and the proposed order (Doc. No. 12) that was submitted contemporaneously with the Motion.

The Motion is hereby **denied in part and deferred in part**. Specifically, with respect to its request for a preliminary injunction, it is deferred pending further briefing, as discussed below. And with respect to its request for a TRO, it is denied because, as discussed below, "Plaintiff[ ] did not persuade the Court that [he] met the [below-described] high burden to establish the risk that [he] will suffer immediate and irreparable harm absent [the requested] TRO." *Deore v. Sec'y of U.S. Dep't of Homeland Sec.*, No. 2:25-CV-11038, 2025 WL 1303954, at *6 (E.D. Mich. Apr. 17, 2025 (emphasis added).

<u>DISCUSSION REGARDING REQUEST FOR TRO</u>

Those seeking a TRO (or preliminary injunction) must meet four requirements.[1] They must show a likelihood of success on the merits; irreparable harm in the absence of the requested

---

[1] Published Sixth Circuit case law stands unmistakably for the proposition that these four items are factors rather than requirements, except that irreparable harm is a requirement (and, if it exists and thus keeps the possibility of a TRO alive, thereafter becomes a factor to be balanced along with the other three factors). *See, e.g., D.T. v. Sumner Cnty. Sch.*, 942 F.3d 324, 326–27 (6th Cir. 2019). Alas, this case law is inconsistent with other (including more recent) cases from the Sixth Circuit case law and the Supreme Court (including the Supreme Court's below-cited *Winter* case) that describe items as being requirements (i.e., things that *must* be established). *See, e.g., id.* at 328, 329 (Nabaldian, J., concurring) (noting that "[*Winter*]'s language seems clear—a plaintiff *must* establish the factors" and questioning "whether the balancing analysis itself aligns with *Winter*."). *Cf. Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Notably, other courts have likewise treated the four items as requirements (prerequisites), rather than as factors. *E.g., Southern Poverty Law Ctr. v. United States Dep't Homeland Sec.*, Civil Action No. 18-760 (CKK), 2020 WL

injunctive relief; the balance of equities favors them; and that the public interest favors an injunction. *See Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008); *Sisters for Life, Inc. v. Louisville-Jefferson County*, 56 F.4th 400, 403 (6th Cir. 2022). "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

The Court notes several things about what Plaintiff is actually requesting in requesting a TRO here. First, he is requesting that the TRO be issued *ex parte* and without written notice.[2] Second, under Federal law, such a TRO (an *ex parte* TRO) is a form of temporary injunctive relief

---

3265533, *10 (D.D.C. June 17, 2020); *Transatlantic, LLC v. Humana, Inc.*, 8:13–CV– 1925–T–17TBM, 2013 WL 3958361, *1 (M.D. Fla. Aug. 1, 2013). The Court does likewise, for the following reasons.

First, explaining and applying the standard in terms of requirements is substantially more straightforward than the alternative—which is to explain that the four items are factors to be balanced, except that, well, that's only partially true because actually irreparable harm *is* a requirement (but also, if it exists, *then* a factor to be balanced along with the other factors) and likelihood of success (at least to some minimal extent) is also required. *D.T.*, 942 F.3d at 326–27 ("Thus, although the *extent* of an injury may be balanced against other factors, the *existence* of an irreparable injury is mandatory."); *S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 849 (6th Cir. 2017) (noting that it is reversible error for a district court to issue a preliminary injunction "where there is simply no likelihood of success on the merits (quoting *Winnett v. Caterpillar, Inc.*, 609 F.3d 404, 408 (6th Cir. 2010))). Second, it easier to articulate a conclusion as to whether requirements are satisfied (which is done in simple yes/no, or satisfied/unsatisfied, terms) than to articulate the outcome of some so-called "balancing" of (mismatched) factors. This is especially true given that case-specific balancing apparently is based in part on some inscrutable sliding scale of required likelihood of success on the merits that depends on the strength of the other three factors. *See, e.g., In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir.1985) ("[T]he degree of likelihood of success required may depend on the strength of the other factors.").

But under either approach, the sole circumstance that is relevant here—the existence of irreparable harm in the absence of the particular relief requested—is treated as a requirement.

[2] Indeed, Rule 65 refers only to a TRO issued "without written or oral notice to the adverse party," Fed. R. Civ. P. 65(b)(1), which the Court herein will call an "*ex parte*" TRO (since "*ex parte*" means "on one side only; by or for one party; done for, in behalf of, or on the application of one party only." Black's Law Dict. (6th ed. 1990) p. 76.). Rule 65 prescribes rules for the issuance and duration of an *ex parte* TRO. It does not mention, let alone set any rules for, TROs that are not *ex parte*; to the extent that temporary injunctive relief that is not issued *ex parte* is properly called a TRO, such a TRO is simply not within the scope of Rule 65.

that lasts no more than 14 days; once an *ex parte* TRO is issued, it is either (a) dissolved upon motion of the enjoined party; (b) extended beyond the 14-day period based on good cause shown or consent of the enjoined party, or (c) set for a preliminary-injunction hearing as soon as possible (and, it stands to reason, necessarily prior to the expiration of the 14-day period) and dissolved if the movant does not proceed with the preliminary-injunction hearing.[3] *See* Fed. R. Crim. P. 65(b). Third, the upshot of this is that generally—*i.e.,* absent good cause shown or consent by the enjoined party[4]—an *ex parte* TRO cannot last more than 14 days, whereafter the movant must succeed in obtaining a preliminary injunction or else be left with no ongoing injunctive relief. *See, e.g.*, *Sampson v. Murray*, 415 U.S. 61, 86 (1974) (agreeing that "a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions"); *Flying Cross Check, L.L.C. v. Cent. Hockey League, Inc*., 153 F. Supp. 2d 1253, 1259 (D. Kan. 2001) ("Rule 65(b) does contemplate that if the need for injunctive relief extends beyond the brief periods of protection offered by the TRO provisions, then a preliminary injunction must be pursued."), *modified* (Mar. 8, 2001). Fourth, there is nothing in the Motion to suggest that either: (a) good cause would exist for extending the 14-day period for an *ex parte* TRO rather than requiring Plaintiff to prevail at a preliminary injunction hearing held prior to the expiration of that period; or (b) Defendant here

---

[3] Although the Court need not delve herein into how or why this is the case, parties and courts have been known to speak as if a motion can be one for a TRO (and not a preliminary injunction) even if it is made *with* notice to the opposing party. *E.g., In re Reynolds*, No. 23-22086, 2023 WL 11853230, at *3 (Bankr. W.D. Tenn. Sept. 1, 2023) (A temporary restraining order is a temporary order entered in an action, *often* without notice . . ..").

[4] Absent the applicability of one of these two exceptions to the general rule restricting the duration of an *ex parte* TRO to 14 days, then once the 14 days expires, it is appropriate to treat the order no longer as an *ex parte* TRO but rather as a preliminary injunction (and perhaps as an *improper* preliminary injunction, especially if no preliminary-injunction hearing had been held and resolved in the movant's favor).

would be amenable to consenting to extend beyond 14 days the duration of an *ex parte* TRO issued in this case.

Based on these observations, it is clear that the *ex parte* TRO that Plaintiff is requesting here is injunctive relief that would last, at most, 14 days. And as noted above, to obtain requested temporary injunctive relief, the movant must show that it would suffer irreparable injury in the absence of the *particular temporary relief* requested; it is not enough to show that it would suffer irreparable injury in the absence of the *other kind temporary injunctive relief.* That is, to obtain an *ex parte* TRO (as opposed to temporary injunctive relief in the form of a preliminary injunction), the movant must show that it would suffer irreparable injury were it denied an *ex parte* TRO. This means that the movant must show that it would suffer irreparable injury if it were denied injunctive relief that would expire in 14 days (as contrasted with being denied injunctive relief that presumptively would last the duration of the litigation, as would a preliminary injunction); if the movant cannot show that, he cannot show the irreparable injury required for the issuance of an *ex parte* TRO.

Plaintiff fails to make that showing. For now, the Court does not dispute that Plaintiff would be irreparably harmed if he were not granted a preliminary injunction, i.e., injunctive relief that presumptively lasts for the duration of this litigation. But Plaintiff does nothing to show that he would be irreparably injured absent temporary injunctive relief that would commence immediately, *but last no more than fourteen days.* Among other things, he does not show how injunctive relief, just because it commences immediately, ultimately would do him any good if it is just going to expire in 14 days anyway and will endure in substance thereafter only if he is able to show an entitlement to a preliminary injunction after a contested preliminary-injunction hearing.

In short, the Court understands why Plaintiff might *like* to obtain temporary injunctive relief immediately and without having to face any opposition, but the Court does not see why he *needs* it to avoid irreparable injury when it would last at most 14 days. Likewise, "there is nothing to indicate [that Plaintiff] needs [injunctive relief] before [Defendant] can be heard" in connection with Plaintiff's request for a preliminary injunction. *Brown v. Wells Fargo Bank, N.A.*, No. 2:25-CV-02323-SHL-CGC, 2025 WL 903840, at *2 (W.D. Tenn. Mar. 25, 2025), *reconsideration denied*, No. 2:25-CV-02323-SHL-CGC, 2025 WL 1144676 (W.D. Tenn. Apr. 17, 2025). And the lack of such need dooms Plaintiff's request for such relief:

> . . . Plaintiff has not shown how the denial of an ex parte temporary restraining order pending a preliminary injunction ruling will result in irreparable harm. An ex parte TRO is only appropriate where the applicant would face irreparable harm so immediate that it would be improper to wait until after a preliminary injunction hearing to enjoin the non-movant's conduct. *See Bronco Wine Co. v. U.S. Dept. of Treasury,* 997 F. Supp. 1309, 1313 (E.D. Cal. 1996) ("The purpose of a TRO is to preserve the status quo pending a full hearing on a preliminary injunction."); *cf. Hacker v. Fed. Bureau of Prisons,* 450 F.Supp.2d 705, 710 (E.D. Mich. 2006) ("A temporary restraining order is an extraordinary remedy that generally is reserved for emergent situations in which a party may suffer irreparable harm during the time required to give notice to the opposite party or where notice itself may precipitate the harm."). As succinctly stated by the Supreme Court, an ex parte TRO serves a limited purpose:
>
>> The stringent restrictions imposed ... by Rule 65[ (b) ], on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute. Ex parte temporary restraining orders are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.
>
> *Granny Goose Foods, Inc. v. Teamsters,* 415 U.S. 423, 438–39, 94 S. Ct. 1113, 39 L.Ed.2d 435 (1974) (internal citation omitted).

*Erard v. Johnson*, 905 F. Supp. 2d 782, 791–92 (E.D. Mich. 2012).

Shifting for a moment away from the *requirements* of a TRO to the *purpose* for an *ex parte* TRO, the Court notes that the Supreme Court's statement above has been correctly restated recently by another court in this circuit: "[t]he purpose of a temporary restraining order is to preserve the status quo until the motion for a preliminary injunction can, after notice, be brought for hearing and decision." *In re Reynolds*, 2023 WL 11853230, at *3 (internal quotation marks omitted). It is actually not a listed requirement for the issuance of an *ex parte* TRO that its issuance would serve the recognized purpose of an *ex parte* TRO. However, the decision to grant a TRO is within the discretion of the district court. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008) ("The district court's decision to grant a temporary restraining order, when appealable, is reviewed by this court for abuse of discretion.") (internal quotation marks omitted). And the Court believes that in exercising its discretion, it can consider whether the requested *ex parte* TRO would fail to serve the purpose of a TRO (even if all requirements for its issuance were satisfied). Here, the Court cannot find that the requested *ex parte* TRO would preserve (rather than *change*) the status quo (which is that the challenged NCAA Bylaws are in effect); thus, the requested *ex parte* TRO would not serve the proper purpose of an *ex parte* TRO.

CONCLUSION

"In short, Plaintiff[ ] ha[s] not established that [he] face[s] imminent, irreparable harm without [an *ex parte*] TRO." *Curtis v. Deutsche Bank*, No. 1:23-CV-12859, 2025 WL 1296206, at *18 (E.D. Mich. May 5, 2025). Plaintiff was required to establish this. So the Court cannot grant Plaintiff an *ex parte* TRO as requested. To that extent, the Motion (Doc. No. 10) is DENIED.

None of this is to say that Plaintiff could not show the irreparable injury (and the other three things) required for the issuance of a *preliminary injunction*. To determine whether Plaintiff

can make that showing, the Court needs to defer the ruling on the request for a preliminary injunction pending further briefing. So to that extent, the Motion is DEFERRED.

Regarding such briefing, the Court directs that: (a) Defendant file a response to the Motion (with respect to the Motion's request for a preliminary injunction) **within ten (10) days of the date on which it is served with process**; and (b) Plaintiff thereafter may file an optional reply in support of his request for a preliminary injunction within seven (7) days of the filing of Defendant's response. The Court thereafter will take prompt action upon this request as appropriate, including the scheduling of a hearing if warranted.

IT IS SO ORDERED.


*Eli Richardson*
ELI RICHARDSON
UNITED STATE DISTRICT JUDGE